**FILED**
**Feb 07, 2023**
**02:33 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Sebastian Mitchell | ) Docket No. 2020-01-0494 |
| | ) |
| v. | ) State File No. 46913-2020 |
| | ) |
| AECOM d/b/a Shimmick | ) |
| Construction, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) Heard January 27, 2023 |
| Compensation Claims | ) in Nashville, Tennessee |
| Thomas L. Wyatt, Judge | ) |

---

### Affirmed and Remanded

---

In this second interlocutory appeal of this case, the employer questions the trial court's finding that it was non-compliant with the trial court's prior orders and its award of attorneys' fees to the employee. The employee reported suffering a work-related injury to his right hand that became infected, requiring emergency surgery. The claim was denied, but, after an expedited hearing, the trial court determined that the employee was likely to prevail at trial and ordered the payment of medical bills related to the employee's emergency medical treatment. We affirmed that order on appeal. Thereafter, the employer paid some of the bills for the employee's emergency treatment, and the parties negotiated a tentative settlement agreement; however, other bills remained outstanding. The employee filed two motions to compel compliance with the order for payment, both of which the trial court granted. The trial court also awarded the employee attorneys' fees related to the second motion. The employer has appealed, arguing that it is not non-compliant because the medical facility at which the employee received his emergency treatment will not provide the bills consistent with applicable regulations, obstructing the employer's ability to pay. The employer also argues that the employee's counsel is not entitled to attorneys' fees. We affirm the trial court's order for medical benefits and attorneys' fees and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Stephanie A. Rockwell, Lawrenceville, Georgia, for the employer-appellant, AECOM d/b/a Shimmick Construction, Inc.

1

Kathleen M. Reed, Chattanooga, Tennessee, for the employee-appellee, Sebastian Mitchell

**Factual and Procedural Background**

Our previous opinion resolving the first interlocutory appeal set out a detailed factual history of this case. For purposes of this opinion, we include excerpts to provide context.

> Sebastian Mitchell ("Employee") was hired as a laborer by AECOM, d/b/a Shimmick Construction, Inc. ("Employer"), to work on a construction project related to Tennessee Valley Authority's enlargement of the lock at Chickamauga Dam in Hamilton County, Tennessee. The project included drilling holes in the river bottom into which pylons could be inserted.

Employee alleged he sustained a laceration to his right thumb while shoveling sludge on April 7, 2020, which he allegedly reported to his supervisor. Although his thumb began to swell before he left work, he did not obtain any medical treatment that day. As discussed in our prior opinion:

> The following day, Employee saw a nurse practitioner at a primary care facility in South Pittsburg, Tennessee. According to the medical report, Employee reported pain and swelling in his right thumb that started the previous day and was gradually worsening. The report stated that Employee "denies fever or recent injury," and noted that on March 30, 2020, Employee had "acute idiopathic gout of right hand." The April 8, 2020 report included "Indications" of "acute idiopathic gout of right hand" for which Employee was prescribed medication.
>
> Three days after his visit to the primary care facility, Employee presented to a local hospital emergency room and was admitted for emergency surgery, which was performed the following morning. Employee's postoperative diagnosis was "Cellulitis, right forearm nearing infectious compartment syndrome, [c]arpal tunnel syndrome, [v]olar flexor tenosynovitis, and [t]enosynovitis to all five digits."

Dr. Chris Pankiw, an orthopedic surgeon specializing in hand and upper extremity surgery, performed the surgery and subsequently provided an affidavit stating that Employee's "cut, infection and sequelae of the infection arose primarily out of and in the course and scope of his employment."

Employer denied the claim on the bases that notice was not properly given and that the injury was not work related. The trial court determined that there was a reasonable excuse for Employee's failure to give timely notice and that Employer did not submit any

2

evidence of prejudice allegedly caused by the late notice.  The trial court concluded Employee would likely prevail at trial in proving a compensable injury and ordered Employer to pay all charges related to the emergency care Employee received, including the initial surgery performed by Dr. Pankiw and related hospital expenses.  The trial court did not award any additional medical expenses at that time and declined to award temporary total disability benefits.  On appeal, we affirmed the trial court's order in all respects.

After the issuance of our August 2021 opinion, Employer requested the outstanding medical bills from Parkridge Medical Center, where Employee had obtained his emergency care.  Employer, the adjuster, Employer's attorney, and Employer's attorney's staff all provided affidavits detailing their efforts, including phone calls, letters, and emails to the facility, to obtain the billing statements on a Form UB-92.[1]  Despite these efforts, it appears that Employer received only one Form UB-92 from Parkridge Medical Center for date of service April 11, 2020, which it paid.[2]

Thereafter, Employee filed a motion to compel payment of the outstanding medical bills and for attorneys' fees pursuant to Tennessee Code Annotated section 50-6-227(d)(1)(A).  Employer filed a response, stating it still had not received the outstanding bills on a proper form.  After a review of the record, the court ordered the payment of the outstanding bills within 30 business days regardless of receipt of the proper forms, and it deferred a determination on the issue of attorneys' fees.  Despite this order, Employer did not pay the medical bills within thirty days, prompting Employee to file another motion in September 2022.[3]  Thereafter, the trial court issued an order noting Employer did not request billing statements on specific forms from Parkridge until January of 2022, over four months after the initial order for payments of benefits.  The court again ordered the payment of the outstanding bills, this time within seven business days, and awarded attorneys' fees of $2,000 based on an affidavit submitted by Employee's counsel pursuant to Tennessee Code Annotated section 50-6-227(d)(1)(A).  The court also referred Employer to the Bureau's penalty unit for consideration of penalties pursuant to Tennessee Code Annotated section 50-6-118.[4]  Employer has appealed.

---

[1] Although not specified in the most recent version of Tenn. Comp. R. and Regs. 0800-02-17-.10(4) as appropriate for the processing of medical bills, a Form UB-92 is an industry standard form.

[2] Employer also paid Dr. Pankiw's outstanding charges for services performed prior to Employee's release from the hospital.

[3] Employer would not proceed with approval of the settlement agreement until the Parkridge Medical Center bills were paid.  As such, Employee also asked in its motion for the court to order the parties to have the settlement approved.  The court denied that request, and Employee did not appeal that determination.

[4] At oral argument, counsel for Employer stated that the penalty referral has been resolved by agreement.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

**Analysis**

Employer raises two issues on appeal, which we have restated as follows: (1) whether Employer is obligated pay medical bills that are not submitted on the forms as contemplated by Tenn. Comp. R. and Regs. 0800-02-17-.10(4); and (2) whether the court can award attorneys' fees pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(A) under these circumstances.

*Court-Ordered Payment of Medical Bills*

Tenn. Comp. R. and Regs. 0800-02-17-.10(4) states that "[b]illing for provider services shall be provided on industry standard billing forms; UB-04, CMS-1450, CMS-1500 . . . or their official replacement forms." Employer contends this rule has prevented them from paying the medical bills as ordered by the trial court because they are not on the proper form. We conclude this argument is without merit.

The rule upon which Employer relies does not address an *employer's* obligation to furnish medical treatment, pay medical bills, or comply with court orders. Instead, it places an obligation on *medical providers* to submit bills on "industry standard billing forms."[5] We can find no authority that would allow an employer to use this particular rule as a shield against payment of medical bills that are reasonable, necessary, and causally related to the

---

[5] We note that the rule at issue does *not* purport to contain a comprehensive list of all "industry standard billing forms," but instead lists current examples of such forms and includes the "official replacement[s]" of such forms.

work accident, much less as justification for failing to comply with a court order requiring the payment of those bills.

Moreover, in cases where there is a dispute regarding the payment of a medical bill, the statute provides a specific remedy in section 50-6-125, which establishes a medical payment committee. This committee "shall hear disputes on medical bill payments between providers and insurers." Tenn. Code Ann. § 50-6-125(a)(1) (2022). Furthermore, Tennessee Code Annotated section 50-6-126 addresses the authority of the Bureau of Workers' Compensation's Medical Director, which includes, among other things, the ability to "effect optimal treatment," "recommend corrective action," and address "the disposition of complaints concerning other aspects of the medical management of a workers' compensation case." Tenn. Code Ann. § 50-6-126 (2022).

During oral argument, Employer's counsel acknowledged that Employer has not sought the assistance of the medical payment committee or the assistance of the Bureau's Medical Director. Employer also did not file a motion seeking the trial court's assistance by requesting the issuance of a subpoena for any of the outstanding medical bills. In short, the record reflects that Employer has failed to comply with the orders of the trial court and has failed to use the administrative processes available to it to effectuate compliance with those orders. As such, the trial court's order compelling Employer to pay the outstanding medical expenses is affirmed.

*Attorneys' Fees*

Tennessee Code Annotated section 50-6-226(d)(1) allows the court to award reasonable attorneys' fees and reasonable costs "incurred when the employer . . . fails to furnish appropriate medical . . . care . . . provided for in a settlement, expedited hearing order, compensation hearing order, or judgment." Employer contends that no medical care has been withheld because the only disputed issue is the payment of medical expenses *after* care was already received. Employer submits that it provided a panel as ordered by the trial court in its first expedited hearing order, and that Employee has not sought any further medical treatment since it provided the panel.

Although Employee did not seek any medical care following the trial court's order, that is not our only inquiry; we must also consider whether Employer failed to satisfy its obligations to provide medical care as ordered by the trial court. Tennessee Code Annotated section 50-6-204(a)(1)(A) requires that the employer "furnish, free of charge to the employee, such medical care . . . made reasonably necessary" by a work-related injury. In considering that language in conjunction with section 50-6-226(d)(1)(A), we must decide whether the term "furnish" includes not only the *authorization* of reasonable and necessary medical care but also the *payment* of the medical expenses incurred as a result of such care. We conclude that the "furnish[ing]" of medical care as required by Tennessee Code Annotated section 50-6-204(a)(1)(A) includes paying for it.

Recently, in *Food Lion, Inc. v. Wilburn*, No. E2021-01494-SC-R3-WC, 2023 Tenn. LEXIS 2 (Tenn. Workers' Comp. Panel Jan. 11, 2023), the Supreme Court's Special Workers' Compensation Appeals Panel addressed a case in which the employee had already settled her claim, the terms of which included her right to future medical benefits with her authorized physician for treatment causally related to the work injury. *Id.* at *1. Several years later, the employer obtained a medical examination by another provider. *Id.* at *2. This medical examination resulted in a new diagnosis and a new expert opinion regarding the cause of the employee's condition. *Id*. at *5-6. As a result, the employer filed a motion for a court order to terminate medical benefits. *Id*. at *7. The employee was successful in defeating the motion, and her attorney sought an award of fees for his work in the case. *Id*. at *9-10. The trial court denied the claim for attorney's fees because the employee's *medical care was never stopped* and employer *continued to pay for the medical care*. *Id*. at *10. The Appeals Panel affirmed, stating "[b]ecause the statute at issue allows attorney's fees only 'when the employer fails to furnish' appropriate medical treatment, and it is undisputed that Food Lion *continued paying* for . . . [the] treatment of [Employee] at all relevant times," the trial court had properly denied the motion for attorneys' fees. *Id*. at *19-20 (emphasis added). The court, interpreting relevant statutory language now contained in section 50-6-226(d)(1), explained that it only "applies to cases in which an employer denies medical treatment, and the employee is forced to resort to judicial proceedings to obtain that care." *Id*. at *18.

For purposes of our evaluation of this case, it is significant to note that the Appeals Panel interpreted the "furnishing" of medical care as including both the authorization of such care and the payment of medical expenses incurred as a result. Consequently, we conclude that the word "furnish," as used in both sections 204(a)(1)(A) and 226(d)(1)(A), includes both the authorization *and payment* of reasonable and necessary medical care causally related to the work injury.[6] Here, although Employee had already received the care for which Employer was later deemed liable, it was only through judicial intervention that Employer was ordered to pay for that care, and it was only through additional judicial intervention, including two appeals, that Employer has repeatedly been ordered to pay for that treatment. As such, we conclude it was not an abuse of discretion for the trial court to award attorneys' fees in the amount of $2,000. We further conclude that the award of attorneys' fees under these circumstances was appropriate at this stage of the case. *See*

---

[6] *See also Minutella v. Ford Motor Credit Co*., No. M2008-01920-WC-R3-WC, 2009 Tenn. LEXIS 724, at *16 (Tenn. Workers' Comp. Panel November 12, 2009) (The employer, "without valid reason," failed to authorize medical treatment, and "only by resorting to litigation was Employee successful in obtaining such authorization," thereby supporting an award of attorneys' fees); *Norfleet v. J. W. Goad Constr.*, No. M2001-00425-WC-R3-CV, 2001 Tenn. LEXIS 811, at *11 (Tenn. Workers' Comp. Panel Dec. 3, 2001) ("Where an employer refuses to provide reasonably necessary medical benefits, it may be assessed attorney fees and reasonable costs necessary to enforce a court order requiring *the payment* of expenses incurred by the employee for the recovery [of] such expenses." (emphasis added)).

*Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018).

## Conclusion

For the foregoing reasons, we affirm the trial court's expedited hearing order and remand the case.  Costs on appeal are taxed to Employer.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Sebastian Mitchell | ) | Docket No. 2020-01-0494 |
| | ) | |
| v. | ) | State File No. 46913-2020 |
| | ) | |
| AECOM d/b/a Shimmick | ) | |
| Construction, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard January 27, 2023 |
| Compensation Claims | ) | in Nashville, Tennessee |
| Thomas L. Wyatt, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of February, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Stephanie A. Rockwell | | | | X | stephanie@speed-seta.com<br>melissa@speed-seta.com |
| Katie Reed | | | | X | katiereed@mcmahanlawfirm.com<br>brentburks@mcmahanlawfirm.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov